JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  2:25-cv-03035 MWC (MARx) | Date: June 2, 2025 |
| Title  Tracy Shaw v. Costco Wholesale Corporation *et al.* | |

Present: The Honorable: Michelle Williams Court, United States District Judge

| T. Jackson | No Reporter |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs: N/A     Attorneys Present for Defendants: N/A

**Proceedings: (IN CHAMBERS) Order GRANTING Plaintiff's motion to remand and DENYING Plaintiff's request for attorney fees, costs, and sanctions (Dkt. 12)**

Before the Court is a motion to remand filed by Plaintiff Tracy Shaw ("Plaintiff"). Dkt. # 12 ("*Mot.*"). Defendant Costco Wholesale Corporation ("Costco") failed to file a timely opposition. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7–15. Having considered the papers, the Court **GRANTS** Plaintiff's motion to remand and **DENIES** Plaintiff's request for attorneys' fees and sanctions.

I.     Background

On September 4, 2024, Plaintiff filed this slip and fall action against Costco in Los Angeles County Superior Court. Dkt. # 1, Ex. A ("*Compl.*"). Plaintiff asserted claims of general negligence and premises liability against Costco as well as unnamed store managers (DOE defendants 1 through 50). *Id.* at 11. Costco removed the case to the Central District of California on April 7, 2025. Dkt. # 1 ("*NOR*"). Costco asserted that complete diversity exists between the parties, specifically between Plaintiff and Costco. *Id.* On May 2, 2025, Plaintiff filed a motion to remand. *Mot.* Costco failed to timely oppose.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-03035 MWC (MARx)     Date: June 2, 2025

Title  Tracy Shaw v. Costco Wholesale Corporation *et al.*

II.  <u>Legal Standard</u>

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted).  Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case.  *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court.").  The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). The burden of establishing subject matter jurisdiction is upon the party seeking removal, and the removal statute is strictly construed against removal jurisdiction.  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

III.  <u>Discussion</u>

    A.  <u>Costco Failed to Timely Oppose</u>

Courts consistently grant motions to remand based on defendant's failure to oppose the motion.  *Zatta v. Societe Air France*, No. SA CV 11-0647 DOC, 2011 WL 2472280, at *1 (C.D. Cal. June 21, 2011); *Lam v. Kingue*, No. 19-CV-02993-LHK, 2019 WL 4059853 (N.D. Cal. Aug. 28, 2019) (granting motion to remand because defendant failed to file an opposition timely); *Aurora Loan Servs., LLC v. Gutierrez*, No. C 11-05288 CW, 2012 WL 174851 (N.D. Cal. Jan. 20, 2012) (same); *Bank of New York Mellon v. Crandall*, No. 11-CV-2574-JAH NLS, 2012 WL 117151 (S.D. Cal. Jan. 13, 2012) (same); *Sundby v. Bank of New York Mellon*, No. 11CV627 DMS RBB, 2011 WL 1670914 (S.D. Cal. May 3, 2011) (same); *Brittain v. Onewest Bank, FSB*, No. 09-2953 SC, 2010 WL 889279 (N.D. Cal. Mar. 11, 2010) (same).  Furthermore, Local Rule 7-12 states that failure to file required documents timely can be considered consent to a grant or denial of the motion, except for summary judgment.

Plaintiff filed this motion to remand on May 2, 2025, and set a hearing date of June 6, 2025.  *Mot.*  That same day, the Court issued the following text-only entry continuing the hearing date to June 13, 2025: "Plaintiff has set the motion for a day the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-03035 MWC (MARx)                                 Date: June 2, 2025

Title      Tracy Shaw v. Costco Wholesale Corporation *et al.*

Court's calendar is full and, therefore, closed . . . . The Court, on its own motion, continues the [motion to remand] from June 6, 2025 to June 13, 2025, at 1:30 p.m. Counsel shall refer to the Court's Standing Order with respect to the briefing schedule of motions." Dkt. # 13. Pursuant to the Court's Standing Order and Local Rule 7-9, Costco's opposition was due on May 23, 2025. *See Standing Order* § 6(a); L.R. 7-9 (noting an opposition brief must be filed "not later than twenty-one (21) days before the date designated for the hearing of the motion"). To date, Costco has not filed an opposition motion.

      B.      <u>The Court Lacks Subject Matter Jurisdiction</u>

Upon review of the complaint, the Court finds it does not have subject matter jurisdiction over this action and remand is appropriate. Costco removed this case from state court based on diversity jurisdiction pursuant to 28 U.S.C. § 1446(b). *NOR*. It is uncontested that Plaintiff is a citizen of California, and Costco is a citizen of Washington. *Id.* ¶¶ 11–12. However, the complaint also named DOE 1, a store manager "responsible for the maintenance of the store at the time of Plaintiff's incident" and a resident of California. *Compl.* 14. In its notice of removal, Costco stated the addition of DOE 1 was "fraudulent joinder in order to prevent this case from being removed to federal court." *NOR* ¶ 6.

Fraudulent joinder "is a term of art." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (citation omitted). If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state," then joinder of a non-diverse defendant is "deemed fraudulent" and the defendant "is ignored for purposes of determining diversity." *Id.* (citation omitted). The defendant "is entitled to present the facts showing the joinder to be fraudulent." *Id.* (citation omitted).

In this case, the complaint alleges DOE 1 was the Costco store manager at the time of her injury and therefore was responsible for maintenance of the store, training and education of employees to keep the store safe, and verification of the store being maintained properly. *Compl.* 14. The court finds defendant has not made a sufficient showing that joinder of DOE 1 is fraudulent.

Costco also stated that the citizenship of DOE 1 should be regarded because DOE 1 is a fictitious defendant pursuant to 28 U.S.C. §1441(b). *NOR* ¶¶ 15–16. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-03035 MWC (MARx)                              Date: June 2, 2025

Title   Tracy Shaw v. Costco Wholesale Corporation *et al.*

complaint alleges that DOE 1 was a store manager of the Norwalk Costco store at issue, and that DOE 1 resided in Los Angeles County, California and had a duty to Plaintiff because DOE 1 "was responsible for the maintenance of the store at the time of Plaintiff's incident." *Compl.* 14.  The complaint is sufficiently pled to allow the Court to consider DOE 1 when assessing jurisdiction.  *See Moch v. N & D Restaurants, LLC*, No. 8:24-cv-01501-JVS-JDE, 2024 WL 4213587, at *4–5 (C.D. Cal. Sept. 16, 2024) (determining plaintiff described Doe 1 with enough specificity because plaintiff alleged that Doe 1 was a California-residing manager at Olive Garden who breached a duty to plaintiff to ensure a walkway was safe).

Accordingly, the Court lacks subject matter jurisdiction and the motion to remand is **GRANTED**.

C.   Attorney Fees Request

28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The Supreme Court has determined that "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

While the court rejected the argument, Costco had an objectively reasonable basis for seeking removal.  Accordingly, Plaintiff's request for attorney fees is **DENIED**.[1]

---

[1] In addition to attorney fees, Plaintiff requests sanctions against Costco.  Costco's notice of removal does not warrant the use of the "extraordinary remedy" of sanctions.  *See Operating Eng'r's Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988) ("Rule 11 is an extraordinary remedy, one to be exercised with extreme caution.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-03035 MWC (MARx)                                    Date: June 2, 2025

Title      Tracy Shaw v. Costco Wholesale Corporation *et al.*

IV.   Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand and remands this case to state court. Plaintiff's request for attorney fees, costs, and sanctions is **DENIED**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | TJ |